# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.

D'ONTRINIQUE K. JOHNSON
  a/k/a "D'ontrinique K. Wilkerson"
  and
TEQUILLA D. NAIRN
  a/k/a "Tequilla D. Robinson"
  a/k/a "Tequillia Robinson"

_____/

**SEALED**
**INDICTMENT**

*3:25cr198-TKW*

**THE GRAND JURY CHARGES:**

## COUNT ONE

### A. INTRODUCTION

At all times material to this Indictment:

1.    Defendant **TEQUILLA D. NAIRN, a/k/a "Tequilla D. Robinson,"** **a/k/a "Tequillia Robinson"** ("**NAIRN**"), owned and operated First Premium Solutions, a tax return preparation business in Pensacola, Florida. **NAIRN** prepared tax returns for clients as well as supervised other return preparers she employed, including Defendant **D'ONTRINIQUE K. JOHNSON, a/k/a** **"D'ontrinique K. Wilkerson"** ("**JOHNSON**").

Returned in open court pursuant to Rule 6(f)

Date __11/18/2025__

_____
United States Magistrate Judge

FILED 11/18/2025 FLND

2.      The Internal Revenue Service ("IRS") was a bureau within the United States Department of the Treasury ("Treasury") and an agency of the government of the United States. The IRS was responsible for the administration and enforcement of Title 26 of the United States Code ("Internal Revenue Code").

3.      Included within the governmental functions of the IRS were the responsibility and authority to ascertain, compute, assess, and collect taxes ("revenue") and to conduct related investigations, examinations, audits, and enforcement actions. The governmental functions of the IRS also included the responsibility and authority to investigate fraudulent activity related to the income tax refund process, to obtain the repayment of any such fraudulently disbursed tax refunds, and to seek penalties against those responsible for such fraud.

4.      IRS Form Schedule C was used to report profit or loss from a business operated or a profession practiced as a sole proprietor based on the income earned and expenses paid by the business. An activity qualified as a business if an individual's primary purpose for engaging in the activity was for income or profit, and the individual was involved in the activity with continuity and regularity.

5.      Eligible individuals could claim on the IRS Form 1040 or other accompanying forms and schedules certain deductions and credits, which would be subtracted from the amount of tax owed. Credits either lowered an individual's tax payment or increased the individual's refund amount. Certain credits were

refundable, meaning the eligible credit amount would be paid to the taxpayer even if it exceeded the amount of tax owed.

6.    Certain low-income to moderate-income workers could claim the Earned Income Tax Credit ("EITC").

7.    Under the Families First Coronavirus Act and American Rescue Plan Act, eligible self-employed individuals who regularly carried on a trade or business were eligible to claim qualified sick and family leave credits ("SFLC") between the periods April 1, 2020, through March 31, 2021, and April 1, 2021, through September 30, 2021, respectively.

8.    Certain business owners and operators with qualifying expenses for fuel used in a specific work-related activity could claim the Fuel Tax Credit ("FTC").

9.    Certain students with qualifying education expenses could claim the American Opportunity Tax Credit ("AOTC").

10.    Certain individuals with qualifying children could claim the Child Tax Credit ("CTC") and the Additional Child Tax Credit ("ACTC").

11.    Certain individuals who paid someone to care for their child or other qualifying dependent while they worked or looked for work could claim credits for Child and Dependent Care Expenses ("CDCE").

3

12. Certain individuals who made eligible contributions to an Individual Retirement Account ("IRA") or employer-sponsored retirement plan could claim the Retirement Savings Contribution Credit ("RSCC").

13. Certain individuals who had qualifying ordinary and necessary expenses for their job could deduct those as Employee Business Expenses ("EBE").

## B. THE CHARGE

Between on or about January 1, 2021, and on or about April 15, 2024, in the Northern District of Florida, the defendants,

**D'ONTRINIQUE K. JOHNSON,**
**a/k/a "D'ontrinique K. Wilkerson,"**
**and**
**TEQUILLA D. NAIRN,**
**a/k/a "Tequilla D. Robinson,"**
**a/k/a "Tequillia Robinson,"**

did unlawfully, willfully, and knowingly conspire, combine, confederate, and agree together and with other persons to:

(a) commit an offense against the United States, namely, to aid and assist in, and procure, counsel, and advise the preparation and presentation, under the internal revenue laws, and in connection with any matter arising under the revenue laws, of a United States Individual Income Tax Return, Form 1040, which return

was fraudulent and false as to a material matter, in violation of Title 26, United States Code, Section 7206(2);

(b)     defraud the United States for the purpose of: (i) cheating the United States Treasury of funds through false, fictitious, and fraudulent tax refund claims made upon the IRS and (ii) impeding, impairing, obstructing, and defeating the lawful governmental functions of the IRS in the ascertainment, computation, assessment, and collection of federal income taxes, the repayment of Treasury funds fraudulently disbursed, and the imposition of penalties against those responsible, in violation of Title 18, United States Code, Section 371;

(c)     knowingly and willfully embezzle, steal, convert to their use and to the use of another, and without authority did convey and dispose of money of the United States of a value of more than $1,000, namely, money of the Internal Revenue Service, an agency of the United States, in violation of Title 18, United States Code, Section 641; and

(d)     knowingly and willfully receive, conceal, and retain, with the intent to convert to their own use and gain, money of the United States of a value of more than $1,000, to wit, money of the Internal Revenue Service, knowing such money to have been embezzled, stolen, and converted, in violation of Title 18, United States Code, Section 641.

5

## C. MANNER AND MEANS OF CONSPIRACY

It was part of the conspiracy that:

1.      Defendants **JOHNSON** and **NAIRN** by deceit and dishonest means defrauded the United States by interfering with and obstructing the lawful governmental functions of the IRS, in that the defendants prepared and aided in the preparation of individual income tax returns for clients that falsely represented the taxpayer's Schedule C profits and eligibility for credits and other deductions, knowing such representations and claims to be false and knowing it would cause the amount of refund owed to be fraudulently inflated.

2.      **NAIRN** oversaw, reviewed, and approved tax returns prepared by **JOHNSON**, knowing they contained false and fraudulent representations that caused the tax due and owing to the IRS to be lower than it should have been. **NAIRN** electronically submitted tax returns she and **JOHNSON** prepared to the IRS, including those **JOHNSON** and **NAIRN** knew contained false and fraudulent items.

3.      **JOHNSON** and **NAIRN** also fraudulently prepared and caused to be filed with the IRS individual income tax returns for themselves, which they knew contained false and fraudulent items that caused the tax due and owing to the IRS to be lower than it should have been and caused the amount of refund owed to be fraudulently inflated.

4.    **JOHNSON** and **NAIRN** performed acts and made statements to hide and conceal, and cause to be hidden and concealed, the purposes of and the acts done in furtherance of the conspiracy.

5.    By their conduct, **JOHNSON** and **NAIRN** fraudulently caused and attempted to cause the IRS to pay over $400,000 in excess tax refunds to which they and clients on whose behalf they were filing returns were not entitled. **NAIRN** and **JOHNSON** willfully received, retained, and converted to their own use a portion of the tax refunds paid as a result of the fraudulent tax returns they prepared for clients as tax preparation fees.

## D. OVERT ACTS OF CONSPIRACY

In furtherance of the conspiracy, and to accomplish the objects of the conspiracy, the defendants and other conspirators committed, and caused to be committed, the following overt acts listed below, within the Northern District of Florida and elsewhere:

1.    On or about January 25, 2021, **JOHNSON** and **NAIRN** prepared and subsequently caused to be filed with the IRS an individual income tax return for **JOHNSON** under her prior name "D'ontrinique Wilkerson," which falsely reported **JOHNSON**'s eligible amount of AOTC.

2.    On or about February 4, 2021, **JOHNSON** and **NAIRN** prepared and subsequently caused to be filed with the IRS an individual income tax return in the

7

name of B.B., which falsely reported the taxpayer's Schedule C profit and eligible amounts of CTC and SFLC.

3. On or about February 12, 2021, **JOHNSON** and **NAIRN** prepared and subsequently caused to be filed with the IRS an individual income tax return in the name of J.M., which falsely reported the taxpayer's eligible amount of SFLC.

4. On or about February 17, 2021, **NAIRN** prepared and subsequently caused to be filed with the IRS an individual income tax return in the name of A.J., which falsely reported the taxpayer's eligible amount of SFLC.

5. On or about February 26, 2021, **JOHNSON** and **NAIRN** prepared and subsequently caused to be filed with the IRS an individual income tax return in the name of L.R., which falsely reported the taxpayer's eligible amount of SFLC.

6. On or about March 12, 2021, **NAIRN** prepared and subsequently caused to be filed with the IRS an individual income tax return in the name of C.L., which falsely reported the taxpayer's eligible amount of SFLC.

7. On or about January 6, 2022, **JOHNSON** and **NAIRN** prepared and subsequently caused to be filed with the IRS an individual income tax return in the name of B.B., which falsely reported the taxpayer's Schedule C profit and eligible amounts of EITC, SFLC, and AOTC.

8. On or about January 6, 2022, **JOHNSON** and **NAIRN** prepared and subsequently caused to be filed with the IRS an individual income tax return for

**JOHNSON** under her prior name "D'ontrinique Wilkerson," which falsely reported **JOHNSON**'s eligible amount of CDCE and SFLC and fraudulently listed without lawful authority the name and social security number of J.J.

9. On or about January 19, 2022, **NAIRN** prepared and subsequently caused to be filed with the IRS an individual income tax return in the name of L.F., which falsely reported the taxpayer's Schedule C profit and eligible amount of SFLC.

10. On or about January 19, 2022, **NAIRN** prepared and subsequently caused to be filed with the IRS an individual income tax return for her in the name of "Tequillia Robinson," which falsely reported **NAIRN**'s eligible amount of CDCE and fraudulently listed without lawful authority the name and social security number of K.M.

11. On or about January 25, 2022, **JOHNSON** and **NAIRN** prepared and subsequently caused to be filed with the IRS an individual income tax return in the name of L.R., which falsely reported the taxpayer's Schedule C profit and eligible amounts of EITC and SFLC.

12. On or about February 1, 2022, **NAIRN** prepared and subsequently caused to be filed with the IRS an individual income tax return in the name of S.H., which falsely reported the taxpayer's Schedule C profit and eligible amounts of EITC, CTC, RSCC, and SFLC.

9

13.    On or about February 2, 2022, **NAIRN** prepared and subsequently caused to be filed with the IRS an individual income tax return in the name of J.O., which falsely reported the taxpayer's eligible amounts of CDCE and SFLC.

14.    On or about February 7, 2022, **JOHNSON** and **NAIRN** prepared and subsequently caused to be filed with the IRS an individual income tax return in the name of S.P., which falsely reported the taxpayer's eligible amount of SFLC.

15.    On or about February 9, 2022, **JOHNSON** and **NAIRN** prepared and subsequently caused to be filed with the IRS an individual income tax return in the name of N.A., which falsely reported the taxpayer's Schedule C profit and eligible amounts of EITC and SFLC.

16.    On or about February 15, 2022, **JOHNSON** and **NAIRN** prepared and subsequently caused to be filed with the IRS an individual income tax return in the name of A.J., which falsely reported the taxpayer's Schedule C profit and eligible amounts of EITC and SFLC.

17.    On or about February 15, 2022, **JOHNSON** and **NAIRN** prepared and subsequently caused to be filed with the IRS an individual income tax return in the name of D.L., which falsely reported the taxpayer's eligible amount of SFLC.

18.    On or about February 15, 2022, **NAIRN** prepared and subsequently caused to be filed with the IRS an individual income tax return in the name of C.L., which falsely reported the taxpayer's eligible amount of SFLC.

10

19.    On or about February 16, 2022, **JOHNSON** and **NAIRN** prepared and subsequently caused to be filed with the IRS an individual income tax return in the name of T.S., which falsely reported the taxpayer's eligible amounts of CDCE and SFLC.

20.    On or about February 16, 2022, **JOHNSON** and **NAIRN** prepared and subsequently caused to be filed with the IRS an individual income tax return in the name of J.M., which falsely reported the taxpayer's eligible amount of SFLC.

21.    On or about February 18, 2022, **JOHNSON** and **NAIRN** prepared and subsequently caused to be filed with the IRS an individual income tax return in the name of I.C., which falsely reported the taxpayer's eligible amount of SFLC.

22.    On or about January 8, 2023, **JOHNSON** and **NAIRN** prepared and subsequently caused to be filed with the IRS an individual income tax return in the name of B.B., which falsely reported the taxpayer's Schedule C profit and eligible amounts of EITC, ACTC, and FTC.

23.    On or about January 9, 2023, **JOHNSON** prepared and subsequently caused to be filed with the IRS an individual income tax return for **JOHNSON** under her prior name "D'ontrinique Wilkerson," which falsely reported **JOHNSON**'s eligible amount of FTC.

24.    On or about January 16, 2023, **NAIRN** prepared and subsequently caused to be filed with the IRS an individual income tax return for her under her

11

prior name "Tequilla Robinson," which falsely reported **NAIRN**'s Schedule C profit.

25.    On or about January 17, 2023, **JOHNSON** and **NAIRN** prepared and subsequently caused to be filed with the IRS an individual income tax return in the name of N.A., which falsely reported the taxpayer's Schedule C profit and eligible amounts of ACTC and FTC.

26.    On or about January 18, 2023, **JOHNSON** and **NAIRN** prepared and subsequently caused to be filed with the IRS an individual income tax return in the name of I.C., which falsely reported the taxpayer's Schedule C profit and eligible amounts of ACTC and FTC.

27.    On or about January 20, 2023, **JOHNSON** and **NAIRN** prepared and subsequently caused to be filed with the IRS an individual income tax return in the name of S.P., which falsely reported the taxpayer's eligible amount of FTC.

28.    On or about January 23, 2023, **JOHNSON** and **NAIRN** prepared and subsequently caused to be filed with the IRS an individual income tax return in the name of L.R., which falsely reported the taxpayer's Schedule C profit and eligible amount of FTC.

29.    On or about January 26, 2023, **JOHNSON** and **NAIRN** prepared and subsequently caused to be filed with the IRS an individual income tax return in the name of J.O., which falsely reported the taxpayer's eligible amount of FTC.

30.    On or about January 30, 2023, **JOHNSON** and **NAIRN** prepared and subsequently caused to be filed with the IRS an individual income tax return in the name of J.M., which falsely reported the taxpayer's Schedule C profit and eligible amounts of EITC, ACTC, and FTC.

31.    On or about January 30, 2023, **NAIRN**, using **JOHNSON**'s credentials under her prior name "D'ontrinique Wilkerson," prepared and subsequently caused to be filed with the IRS an individual income tax return in the name of C.L., which falsely reported the taxpayer's eligible amount of FTC.

32.    On or about February 3, 2023, **JOHNSON** and **NAIRN** prepared and subsequently caused to be filed with the IRS an individual income tax return in the name of T.S., which falsely reported the taxpayer's eligible amount of FTC.

33.    On or about February 7, 2023, **JOHNSON** and **NAIRN** prepared and subsequently caused to be filed with the IRS an individual income tax return in the name of J.A., which falsely reported the taxpayer's eligible amount of FTC.

34.    On or about February 9, 2023, **JOHNSON** and **NAIRN** prepared and subsequently caused to be filed with the IRS an individual income tax return in the name of A.J., which falsely reported the taxpayer's Schedule C profit and eligible amount of FTC.

35.    On or about February 17, 2023, **JOHNSON** and **NAIRN** prepared and subsequently caused to be filed with the IRS an individual income tax return in

the name of B.N., which falsely reported the taxpayer's Schedule C profit and eligible amount of EBE and FTC.

36.     On or about February 27, 2023, **NAIRN**, using **JOHNSON**'s credentials under her prior name "D'ontrinique Wilkerson," prepared and subsequently caused to be filed with the IRS an individual income tax return in the name of A.W., which falsely reported the taxpayer's eligible amount of FTC and EBE.

37.     On or about March 9, 2023, **JOHNSON** and **NAIRN** prepared and subsequently caused to be filed with the IRS an individual income tax return in the name of C.W., which falsely reported the taxpayer's Schedule C profit and eligible amount of ACTC and FTC.

38.     On or about February 2, 2024, **NAIRN** prepared and subsequently caused to be filed with the IRS an individual income tax return in her name, which falsely reported **NAIRN**'s Schedule C profit.

All in violation of Title 18, United States Code, Section 371.

### COUNT TWO

On or about March 22, 2021, in the Northern District of Florida, the defendant,

**D'ONTRINIQUE K. JOHNSON,**
**a/k/a "D'ontrinique K. Wilkerson,"**

14

a resident of Pensacola, Florida, did willfully make and subscribe a United States Individual Income Tax Return, Form 1040, for the calendar year 2020, which was filed with the Internal Revenue Service and contained and was verified by a written declaration that it was made under the penalties of perjury, and which the defendant did not believe to be true and correct as to every material matter, in that the return represented her eligibility for an American Opportunity Tax Credit ("AOTC") based on qualified education expenses, when, in truth and fact and as the defendant then well knew, she did not have any qualified education expenses for the calendar year 2020.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT THREE

On or about February 21, 2022, in the Northern District of Florida, the defendant,

### D'ONTRINIQUE K. JOHNSON,
### a/k/a "D'ontrinique K. Wilkerson,"

a resident of Pensacola, Florida, did willfully make and subscribe a United States Individual Income Tax Return, Form 1040, for the calendar year 2021, which was filed with the Internal Revenue Service and contained and was verified by a written declaration that it was made under the penalties of perjury, and which the defendant did not believe to be true and correct as to every material matter, in that

15

the return represented eligibility for credits based on Child and Dependent Care Expenses ("CDCE") and qualified sick and family leave credits ("SFLC") available under the Families First Coronavirus Act and American Rescue Plan Act, when, in truth and fact and as the defendant then well knew, her purported eligibility for CDCE credit and SFLC for the calendar year 2021 was based on false and inflated information.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT FOUR

On or about February 13, 2023, in the Northern District of Florida, the defendant,

**D'ONTRINIQUE K. JOHNSON,**
**a/k/a "D'ontrinique K. Wilkerson,"**

a resident of Pensacola, Florida, did willfully make and subscribe a United States Individual Income Tax Return, Form 1040, for the calendar year 2022, which was filed with the Internal Revenue Service and contained and was verified by a written declaration that it was made under the penalties of perjury, and which the defendant did not believe to be true and correct as to every material matter, in that the return represented eligibility to claim Fuel Tax Credits ("FTC"), when, in truth and fact and as the defendant then well knew, her purported eligibility for FTC for the calendar year 2022 was based on false and inflated information.

16

In violation of Title 26, United States Code, Section 7206(1).

## COUNT FIVE

On or about August 10, 2020, in the Northern District of Florida, the defendant,

**TEQUILLA D. NAIRN,**
**a/k/a "Tequilla D. Robinson,"**
**a/k/a "Tequillia Robinson,"**

a resident of Pensacola, Florida, did willfully make and subscribe a United States Individual Income Tax Return, Form 1040, for the calendar year 2019, which was filed with the Internal Revenue Service and contained and was verified by a written declaration that it was made under the penalties of perjury, and which the defendant did not believe to be true and correct as to every material matter, in that the return represented her eligibility for an American Opportunity Tax Credit ("AOTC") based on qualified education expenses, when, in truth and fact and as the defendant then well knew, she did not have any qualified education expenses for the calendar year 2019.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT SIX

On or about March 13, 2023, in the Northern District of Florida, the defendant,

**TEQUILLA D. NAIRN,**
**a/k/a "Tequilla D. Robinson,"**
**a/k/a "Tequillia Robinson,"**

a resident of Pensacola, Florida, did willfully make and subscribe a United States

Individual Income Tax Return, Form 1040, for the calendar year 2022, which was

filed with the Internal Revenue Service and contained and was verified by a written

declaration that it was made under the penalties of perjury, and which the

defendant did not believe to be true and correct as to every material matter, in that

Schedule C of the return represented gross receipts of approximately $25,579.00,

when, in truth and fact and as the defendant then well knew, her gross receipts for

the calendar year 2022 was in excess of that amount.

In violation of Title 26, United States Code, Section 7206(1).

### COUNT SEVEN

On or about April 15, 2024, in the Northern District of Florida, the

defendant,

**TEQUILLA D. NAIRN,**
**a/k/a "Tequilla D. Robinson,"**
**a/k/a "Tequillia Robinson,"**

a resident of Pensacola, Florida, did willfully make and subscribe a United States

Individual Income Tax Return, Form 1040, for the calendar year 2023, which was

filed with the Internal Revenue Service and contained and was verified by a written

declaration that it was made under the penalties of perjury, and which the

18

defendant did not believe to be true and correct as to every material matter, in that

Schedule C of the return represented gross receipts of approximately $22,423.00,

when, in truth and fact and as the defendant then well knew, her gross receipts for

the calendar year 2023 was in excess of that amount.

In violation of Title 26, United States Code, Section 7206(1).

## COUNT EIGHT

Between on or about January 6, 2022, and on or about February 28, 2022, in

the Northern District of Florida and elsewhere, the defendant,

**TEQUILLA D. NAIRN,**
**a/k/a "Tequilla D. Robinson,"**
**a/k/a "Tequillia Robinson,"**

did knowingly possess and use, without lawful authority, a means of identification

of another person, to wit, the name and social security number of J.J. and K.M.,

during and in relation to a felony violation enumerated in Title 18, United States

Code, Section 1028A(c)(1), that is, theft of government money of a value of more

than $1,000, in violation of Title 18, United States Code, Section 641.

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT NINE

### A. INTRODUCTION

At all times material to this Indictment:

## Unemployment Insurance

1.      Unemployment Insurance ("UI") was a state-federal program that provided monetary benefits to eligible lawful workers. Although state workforce agencies ("SWAs") administered their respective UI programs, they did so in accordance with federal laws and regulations. UI payments (benefits) were intended to provide temporary financial assistance to lawful workers who were unemployed through no fault of their own. Each state set its own additional requirements for eligibility, benefit amounts, and length of time that benefits were paid. Generally, UI weekly benefit amounts were based on a percentage of one's earnings over a base period.

2.      UI benefits were generally funded by state employer taxes with administrative costs funded by the federal government. The UI program required states to make weekly benefit payments while ensuring claimants met eligibility requirements.

3.      In the State of Florida, the Florida Department of Economic Opportunity ("DEO") was the SWA that administered the UI program. The DEO was headquartered in Tallahassee, Florida. Applicants had to answer specific questions and provide personal information to establish eligibility to receive UI benefits, including their name, Social Security Number ("SSN"), and mailing address, among other things. The DEO relied upon the information in the

application to determine UI benefits eligibility. Once an application was approved, the DEO distributed state and federal UI benefits through various means, including direct deposit into the beneficiary's bank account.

4.     In the State of Virginia, the Virginia Employment Commission ("VEC") was the SWA that administered the UI program. The VEC was headquartered in Richmond, Virginia. Applicants had to answer specific questions and provide personal information to establish eligibility to receive UI benefits, including their name, SSN, residential address, and employment history, among other things. The VEC relied upon the information in the application to determine UI benefits eligibility. Once an application was approved, the VEC distributed state and federal UI benefits through various means, including direct deposit into the beneficiary's bank account.

### Federally-Enacted COVID-19 Pandemic Relief

5.     In March 2020, the President signed the Families First Coronavirus Response Act ("FFCRA") into law. The FFCRA provided additional flexibility for state UI agencies and additional administrative funding to respond to the COVID-19 pandemic.

6.     The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was also signed into law in March 2020. It expanded states' ability to provide UI for many workers impacted by COVID-19, including for workers who were not

ordinarily eligible for UI benefits. The CARES Act provided for three new UI programs: Pandemic Unemployment Assistance ("PUA"); Federal Pandemic Unemployment Compensation ("FPUC"); and Pandemic Emergency Unemployment Compensation ("PEUC").

7.      To further offset the pandemic impact on American workers, on August 8, 2020, the President authorized the Federal Emergency Management Agency ("FEMA") to expend up to $44 billion dollars from the Disaster Relief Funds for lost wage payments. The President authorized the FEMA Administrator to provide grants to participating states, territories, and the District of Columbia to administer delivery of Lost Wages Assistance ("LWA") to those receiving unemployment insurance.

8.      Thus, extensions and expansions of UI coverage and benefits, such as those provided by the CARES Act and subsequent legislation, such as FFCRA, were normally funded by the federal government.

## B. THE CHARGE

Between on or about October 1, 2020, and on or about August 30, 2021, in the Northern District of Florida and elsewhere, the defendant,

**TEQUILLA D. NAIRN,**
**a/k/a "Tequilla D. Robinson,"**
**a/k/a "Tequillia Robinson,"**

did knowingly and willfully devise, and intend to devise, a scheme to defraud and for obtaining money and property by means of material false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme, did cause a wire communication to be transmitted in interstate commerce, to wit, the direct deposit of $3,506.00 UI benefits payment from the VEC to a My Pensacola Credit Union account ending in 1734 on or about March 1, 2021.

## C. SCHEME TO DEFRAUD

It was part of the scheme to defraud that:

1.     Defendant **TEQUILLA D. NAIRN, a/k/a "Tequilla D. Robinson," a/k/a "Tequillia Robinson" ("NAIRN")**, made false and fraudulent representations in weekly online applications submitted to the DEO and to the VEC in order to qualify for UI benefits.

2.     Based upon statements that falsely represented **NAIRN** was not working due to COVID-19 and had not applied for unemployment benefits in a state other than Florida, while knowing that she was in fact working and earning income as a tax preparer and was receiving UI benefits from the state of Virginia, **NAIRN** caused the DEO to issue UI benefits to her.

3.     Based upon statements that falsely represented **NAIRN** was not working due to COVID-19, was living in Virginia, and had not worked in nor claimed unemployment benefits in a state other than Virginia, while knowing that

23

she was in fact living in Pensacola, Florida, working and earning income as a tax preparer, and was receiving UI benefits from the state of Florida, **NAIRN** caused the VEC to issue UI benefits to her.

4.     **NAIRN** caused fraudulently obtained UI benefit payments from the DEO and VEC to be paid to her via direct deposit to bank accounts in her name and under her control, including a My Pensacola Credit Union account ending in 1734 and a Wells Fargo Bank account ending in 5439.

5.     By this conduct, **NAIRN** fraudulently received approximately $25,950.00 from the DEO and approximately $9,682.00 from the VEC to which she was not entitled.

In violation of Title 18, United States Code, Section 1343.

## CRIMINAL FORFEITURE

The allegations in Counts One and Nine of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture. From the defendant's engagement in the violations alleged in Counts One and Nine of this Indictment, the defendants,

**D'ONTRINIQUE K. JOHNSON,**
**a/k/a "D'ontrinique K. Wilkerson,"**
**and**
**TEQUILLA D. NAIRN,**
**a/k/a "Tequilla D. Robinson,"**
**a/k/a "Tequillia Robinson,"**

24

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Sections 371 or 1343, any and all of the defendants' right, title, and interest in any property, real and personal, constituting and derived from proceeds traceable to such offenses.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

i.      cannot be located upon the exercise of due diligence;

ii.     has been transferred or sold to, or deposited with, a third person;

iii.    has been placed beyond the jurisdiction of this Court;

iv.     has been substantially diminished in value; or

v.      has been commingled with other property that cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by reference in Title 18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c), to seek

forfeiture of any other property of said defendants up to the value of the forfeitable property.

A TRUE BILL:

FOREPERSON

5/18/2025
DATE

10 A M

JOHN P. HEEKIN
United States Attorney

ALICIA H. FORBES
Assistant United States Attorney

26